NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVELYN LOPEZ,<br><br>       Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>       Defendant. | Civil Action No. 12-7238 (JLL)<br><br><br>**OPINION** |

LINARES, District Judge.

Presently before the Court is Plaintiff Evelyn Lopez ("Plaintiff")'s Appeal seeking review of a final determination by Administrative Law Judge ("ALJ") Joel H. Friedman denying her application for Supplemental Security Income ("SSI"). The court has jurisdiction to review this matter pursuant to 24 U.S.C. § 405(g). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, this Court concludes that the Commissioner's determination is not supported by substantial evidence and is hereby reversed and remanded.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 53-year-old woman who filed an application for SSI on August 30, 2004, alleging disability beginning on that date. (R. 17.)[1] Plaintiff alleged that she was disabled because of "kidney stones, high blood pressure, angina, irregular heart beat, lower back and swollen body." (R. 32.) Her application was denied on March 31, 2005 and again upon reconsideration on July 12, 2005. *Id.* Plaintiff then filed a request for a hearing on July 20, 2005. The hearing was held on September 26, 2006 before ALJ Dennis O'Leary. *Id.* A

---

[1] "R." refers to pages of the Administrative Record SSA.

supplemental hearing was held at which a medical expert, Dr. Martin Fechner, and a vocational expert appeared and testified. *Id.* On April 9, 2007, the ALJ concluded that Plaintiff was not disabled. *Id.* at 17-26.

Plaintiff requested an appeal of the ALJ's decision. The Appeals Council denied review on June 30, 2009. *Id.* at 5-8. Plaintiff appealed to the District Court, which approved a Consent Order to reverse and remand the decision of the Commissioner. *Id.* at 713-14. Pursuant to this Order, the Appeals Council issued a Remand Order on September 14, 2010. *Id.* at 715-19. A new hearing was held before ALJ Joel H. Friedman on December 21, 2010. *Id.* at 704. Dr. Pat Green, a vocational expert, testified at the hearing. *Id.* In his opinion dated September 21, 2011, the ALJ denied disability benefits, finding that Plaintiff's Residual Functional Capacity ("RFC") was compatible with certain light work. *Id.* at 711.

In reaching this conclusion, the ALJ found that Plaintiff had been engaged in substantial gainful activity from 2008 through the first quarter of 2011. As a result, the ALJ restricted his analysis to the time period when Plaintiff was not engaged in such activity, from 2004 through 2007. Next, the ALJ found that Plaintiff had the severe impairments of atypical chest pain, hypertension, arthritis, depression, and anxiety, but that these impairments did not meet or exceed the listed requirements. *Id.* at 707-8. The ALJ determined that Plaintiff had the RFC to perform light work, specifically "work involving no more than simple, routine jobs in a low contact setting, and not requiring contact with the general public." Plaintiff was unable to "perform work involving more than...the occasional stooping, crouching or crawling; and involving climbing of...ladders, ropes, scaffolds or exposure to hazards such as dangerous machinery or unprotected heights." *Id.* at 708. The ALJ found that, as a result of these restrictions, Plaintiff was unable to perform her past relevant work. *Id.* at 710. Relying on Dr.

Green's responses to hypothetical questions, the ALJ found that there were light, unskilled jobs in significant number in the economy that Plaintiff could perform, finding Plaintiff not disabled. *Id.* at 711.

After the Appeals Council declined jurisdiction on September 19, 2012, Plaintiff filed this timely appeal on November 21, 2012, challenging the ALJ's determination that Plaintiff was not disabled. (Pl. Br. 1-2.)

## II.     STATEMENT OF THE LAW

### A. Standard of Review

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court defers to the findings and conclusions of the ALJ, but has the "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978). The court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Courts should "review cases for errors of law 'without regard to errors' that do not affect the parties' 'substantial rights.'" *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (citing *Kotteakos v. United States*, 328 U.S. 750, 759 (1946)).

### B. The Five-Step Evaluation Process

Under the Social Security Act, a claimant must demonstrate that he is disabled based on an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a

3

continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Social Security Administration has established a five-part sequential evaluation process for determining whether a complainant is disabled. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner of Social Security ("the Commissioner") decides whether the complainant is currently engaging in substantial gainful activity. If the complainant meets this test, then the Commissioner must determine whether the complainant's impairments or combination of impairments are severe. If the impairment is determined to be severe, the Commissioner must then decide whether the complainant suffers from a listed impairment or its equivalent. If he does not, the Commissioner must then decide whether, based on the complainant's "residual functional capacity" ("RFC"), the complainant is able to perform his past relevant work. If the complainant is unable to perform said work, then the Commissioner must proceed to the final step. Up to this point, the burden falls upon the complainant to prove his disability. *See Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). If the complainant has carried his burden of proof to this stage, the burden shifts to the Commissioner to prove that other work exists in significant numbers in the national economy that the plaintiff could perform given his RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner provides sufficient evidence to satisfy this burden, the plaintiff is not disabled. *Id.*

## III.   DISCUSSION

Plaintiff makes several allegations in support of her instant appeal.  First, she alleges that the ALJ erred at step two by not considering whether Plaintiff's foot and ankle problems were severe impairments.  Second, Plaintiff claims that the ALJ erred at step three by not comparing "the combination of Plaintiff's severe impairments [and specifically her severe physical impairments] to the requirements of the listings."  Third, Plaintiff claims that the ALJ erred at step four by failing to justify both the exertional RFC for light work and the non-exertional RFC for simple, routine low contact jobs.  At this step, Plaintiff alleges that the ALJ left out probative evidence related to the consultative examination of Plaintiff by Dr. Oleg Frank in 2005 and improperly "condense[d] plaintiff's depression and anxiety disorders into a convenient and familiar formula...[that is] outlawed in third-circuit opinions."  Fourth, Plaintiff alleges that "the required pain evaluation is absent from the decision."  Finally, Plaintiff claims that the Commissioner failed to sustain his burden at step five, as the "jobs recited based on a faulty RFC cannot be utilized to satisfy the Commissioner's burden."

The Court will address Plaintiff's arguments related to steps two and three of the ALJ's analysis.  Because the Court finds merit in Plaintiff's contention that the ALJ's determination at step three was not based on substantial evidence, the Court need not address Plaintiff's arguments relates to steps four and five.[2]

## A. Any Error at Step Two Is Harmless

The first issue raised on appeal is whether the ALJ properly determined that Plaintiff's foot and ankle problems were not severe impairments.  Plaintiff argues that the ALJ did not consider whether Plaintiff's foot and ankle problems were severe impairments and, thus, failed to weigh medical evidence relating to her lower extremities.  The only record Plaintiff points to

---

[2] However, it would be advisable for the Commissioner to give further consideration to these issues on remand.  *See infra* note 3.

from the relevant time period (2004-2007) is a 2005 report in which Dr. Frank found that Plaintiff had "trouble with heel-to-toe walking" due to a history of foot surgery, "decreased vibratory sensation" in her left lower extremity, an antalgic gait and station, and occasional swelling in her legs. (Pl. Br. 14, 17; R. 284-85.) Dr. Frank concluded, however, that Plaintiff was able to "sit, stand, [and] walk." (R. 285.)

Having carefully considered the parties' arguments, and the decision of the ALJ, the Court concludes that, even if the ALJ erred by failing to consider whether Plaintiff's foot and ankle problems were severe, the error was harmless because the ALJ found that Plaintiff had severe impairments and continued the sequential analysis. (R. 707); *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)); *Williams v. Comm'r of the SSA*, 2013 U.S. Dist. LEXIS 118525, at *46-49 (D.N.J. 2013); *accord Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("any error here became harmless when the ALJ reached the proper conclusion that [plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step"); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("the ALJ considered any limitations posed by the [impairment] at Step 4....[A]ny error that the ALJ made in failing to include the [impairment] at Step 2 was harmless"). When an ALJ proceeds past step two and makes an RFC determination, at that point the ALJ must consider the combined effect of all the plaintiff's impairments, whether or not those impairments were deemed severe. *See* 20 C.F.R. § 404.1523 (the Commissioner "will consider the combined effect of all [plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Accordingly, remand is not warranted to reconsider the step-two determination.

**B. At Step Three, the ALJ Failed to Compare Plaintiff's Severe Physical Impairments to the Listed Impairments**

At step three, if the claimant's impairment or group of impairments is found to be one of the Listed Impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 or is found to be the medical equivalent of a Listed Impairment, then the claimant is automatically deemed disabled. 20 C.F.R. § 404.1520(e). Here, in conducting his step-three analysis, the ALJ found that Plaintiff's severe medical conditions did not meet or medically equal one of the Listed Impairments, but failed to provide any reasons for this determination as to Plaintiff's physical impairments.

It is established law in this circuit that in making a step-three determination the ALJ must indicate the evidence he found persuasive and that which he rejected, as well as his reasons for doing so.[3] *See Cotter v. Harris*, 642 F.2d 700, 705-7 (3d Cir. 1981). "The ALJ has a duty to hear and evaluate all relevant evidence in order to determine whether an applicant is entitled to disability benefits. The ALJ's decision must be in writing and contain findings of fact and a statement of reasons in support thereof." *Id.* at 704. At step two of his analysis, the ALJ found that Plaintiff had the following severe impairments: atypical chest pain, hypertension, arthritis, depression, and anxiety. (R. 707.) At step three, the ALJ stated that Plaintiff's "impairments, singly or in combination, do not meet or equal the regulatory requirements of any listing." *Id.* The ALJ laid out his reasoning as to why Plaintiff's mental impairments did not meet or equal a listed impairment, but did not even mention Plaintiff's atypical chest pain, hypertension, or

---

[3] It is worth noting that this problem recurs throughout the ALJ's opinion and is not confined to his analysis at step three. For example, when determining Plaintiff's RFC for the step-four analysis, the ALJ did not address any medical records containing evidence (or lack thereof) of Plaintiff's physical impairments during the relevant period (2004-2007) other than x-rays of Plaintiff's chest taken on June 10, 2006. (R. 708-10.) Among the extensive medical records are the consultative examination conducted in March 2005 by Dr. Frank and numerous hospital visits. (R. at 164-468.) The ALJ acknowledged the 2006 medical assessment of Plaintiff by Dr. Fechner, but declined to detail any findings related to physical impairments contained therein. (R. 477-85; 709.) "The disparity between the actual record and the ALJ's sparse synopsis of it makes it impossible...to review the ALJ's decision, for [the Court] cannot tell if significant probative evidence was not credited or simply ignored." *Fargnoli v. Halter*, 247 F.3d 34, 42 (3d Cir. 2001) (citing *Burnett*, 220 F.3d at 121) (internal quotation marks omitted).

arthritis, or why such impairments did or did not meet or equal a listed impairment. A conclusory statement that none of Plaintiff's "impairments, singly or combination, meet or equal the regulatory requirements of any listing" is insufficient to withstand a substantial evidence standard. (R. at 707.); *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). In *Burnett*, this circuit held that an ALJ's determination would be set aside if it "'merely stated a summary conclusion that [claimant]'s impairments did not meet or equal any Listed Impairment,' without identifying the relevant listed impairments, discussing the evidence or explaining his reasoning.'" *Id.* (quoting *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1981)).

The conclusory statement provided by the ALJ in step three provides no basis for the Court to evaluate his findings and therefore the Court will reverse and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that Plaintiff's severe impairments do not meet or medically equal a listed impairment. "On remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why [Plaintiff's] . . . impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments." *Burnett*, 220 F.3d 120. This Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. Similarly, "[c]ourts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review….[T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." *Cotter*, 642 F.2d at 705 n.7 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)). For these reasons, the Court will reverse the judgment of the ALJ and **remand** for further proceedings.

## IV. CONCLUSION

Based on the reasons set forth above, Plaintiff Evelyn Lopez's appeal to this Court to reverse the Commissioner's decision or to remand the claim to the Commissioner is **granted**.

An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Date:   September **20** 2013

9